**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORA NAROYAN, | No. 06-72632 |
| Petitioner, | Agency No. A098-522-807 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Nora Naroyan ("Naroyan" or "petitioner") petitions for review of the Board

of Immigration Appeals' ("BIA") denial of her applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

The BIA affirmed the Immigration Judge's ("IJ") denial of asylum and

withholding of removal on the basis of an adverse credibility determination and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

found that Naroyan did not dispute the IJ's denial of her CAT claim. This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant Naroyan's petition as to asylum and withholding of removal and dismiss the petition as to relief under CAT.

This Court reviews adverse credibility determinations for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (citation omitted). Under this standard, the BIA's determinations are to be upheld if they are supported by "reasonable, substantial and probative evidence" in the record. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006) (citations omitted). Because the BIA "conducted its own review of the evidence and law rather than simply adopting the immigration judge's decision . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (citation and internal quotation marks omitted).

In this case, the BIA pointed to three supposed inconsistencies in the record that supported its adverse credibility determination: (1) Naroyan testified that she was beaten by three assailants on May 17, 2004, but the BIA found that she did not mention this "important incident" in her written application; (2) Naroyan testified that several people were arrested at a political rally on April 12, 2004, between the

2

hours of 6pm and 7pm, but, when confronted with a news report indicating that arrests took place at 2am on April 13, Naroyan told the asylum officer that the news report was incorrect and then testified before the IJ that she had only assumed arrests had taken place during the early evening hours; and (3) the medical records regarding the injuries Naroyan sustained in the March 16, 2000 police beating indicate that she suffered from a "thorax injury" and a "left hand injury," but the BIA claims that Naroyan also claimed to have sustained a concussion and an ear injury. None of these grounds constitutes substantial evidence.

The BIA's first finding is simply incorrect. Naroyan's asylum application did mention the attack on May 17, 2004. Even if the BIA found that Naroyan's written application did not mention that she recognized one of her assailants, this still would not constitute substantial evidence, because it is well settled in the Ninth Circuit that "an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application." *Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996) (citing *Aguilera-Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir. 1990)).

The second and third grounds cited by the BIA are at most "[m]inor inconsistencies in the record that do not relate to the basis of [Naroyan's] alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about

[her] fear for [her] safety." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003) (citations omitted). Whether Naroyan witnessed arrests or minor skirmishes between protestors and police on the evening of April 12, 2004, before the mass arrests at around 2am on April 13, her testimony was not inconsistent on this issue. Even assuming Naroyan's testimony was inconsistent, we fail to see how this inconsistency goes to the heart of Naroyan's asylum claim given that Naroyan was merely present for a short period of time at the rally, did not actively participate in the rally, and did not suffer any repercussions because of her presence there. Similarly, during her testimony before the IJ, Naroyan clarified which injuries had been sustained during the March 2000 police beating and which injuries were sustained in November 2003. Any omissions in her medical report are not inconsistent with her testimony. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112-13 (9th Cir. 2002).

Because the BIA's three findings in support of its adverse credibility determination were not supported by substantial evidence, we reverse that determination and remand to the agency to consider whether Naroyan, now considered credible, has established eligibility for asylum and withholding of removal.

4

We dismiss the petition for review with respect to Naroyan's CAT claim because this claim was not exhausted before the BIA.

Finally, Naroyan's request for judicial notice of her pending I-130 application is granted.

Petition for review **GRANTED** in part, **DISMISSED** in part, and **REMANDED** to the BIA for further proceedings.

Each party shall bear its own costs on appeal.